UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| OLUMIDE JUSTUS OGUNYALE,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH B. EDLOW Director of U.S. Citizenship and Immigration Services,<br>LAURA B. ZUCHOWSKI Director of U.S. Citizenship and Immigration Services Vermont Service Center,<br><br>Defendants. | ) | No. 1:25-cv-02116-SEB-KMB |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Plaintiff Olumide Justus Ogunyale ("Plaintiff") brought this action against Defendants Director of United States Citizenship and Immigration Services Joseph B. Edlow and Director of United States Citizenship and Immigration Services Vermont Service Center Laura B. Zuchowski (collectively "Defendants"), challenging the denial of his I-360 visa petition under the Administrative Procedure Act (the "APA"), 5 U.S.C. §§ 555(b), 701–06. Now before the Court is Defendants' Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 10. For the reasons explained below, Defendants' motion is **GRANTED**.

**BACKGROUND**

**I. Statutory Overview of VAWA Visa Petitions**

Under the Immigration and Nationality Act ("INA"), a noncitizen who qualifies as the abused spouse of an American citizen, as that status is defined by the Violence Against Women Act ("VAWA"), may self-petition for an immigration visa without relying on the assistance of their abuser. 8 U.S.C. § 1154(a)(1)(A)(iii); dkt. 11 at 2. These so-called VAWA self-petitioners

seeking to obtain an immigration visa as an abused spouse must file an I-360 Petition for Amerasian, Widow(er), or Special Immigrant[1] with the United States Citizenship and Immigration Services ("USCIS").[2] In this case, Mr. Ogunyale is a VAWA self-petitioner who applied for an immigration visa, pursuant to 8 U.S.C. § 1154(a)(1)(A)(iii). Compl. ¶ 11, dkt. 1.

In order to establish their statutory eligibility, VAWA self-petitioners must adduce credible evidence of, *inter alia*, their current marriage to a United States citizen and/or the termination of all prior marriages. 8 C.F.R. § 204.2(c)(2)(i), (ii). USCIS retains the sole discretion to determine what evidence is credible and how to weigh such evidence. *Id. See also* 8 U.S.C. § 1154(a)(1)(J).

Once the I-360 self-petition is approved, USCIS can adjudicate a Form I-485 Application to Adjust Status, which allows the petitioner to seek, and hopefully obtain, lawful permanent residence in the United States. 8 U.S.C. § 1255(a); Compl. ¶ 11 dkt. 1. A successful I-360 petition is one of several available means by which a petitioner may establish their eligibility for lawful permanent residence. *See generally* 8 U.S.C. § 1255. Once a Form I-485 petition is approved, the petitioner's status is adjusted to that of a lawful permanent resident. *Id.*

## II. Plaintiff's Factual Averments

On May 4, 2021, Mr. Ogunyale filed with USCIS an I-360 Petition for Amerasian, Widow(er), or Special Immigrant under the self-petitioning provisions of VAWA, asserting that he qualifies as the abused spouse of a U.S. citizen. Compl. ¶ 19, dkt. 1. Soon thereafter, he

---

[1] In this order, we refer to the I-360 Petition for Amerasian, Widow(e), or Special Immigrant as an "I-360 self-petition" or a "VAWA self-petition" interchangeably.

[2] Pursuant to 6 U.S.C. § 271(b), the power to adjudicate immigrant visa petitions was transferred from the Commissioner of Immigration and Naturalization to the Director of the USCIS.

received a *prima facie* determination of eligibility from USCIS.[3] Dkt. 1-2 at 2. On June 8, 2021, Mr. Ogunyale filed an I-485 Application for Adjustment of Status with USCIS, seeking adjudication of his I-485 application upon approval of his pending I-360 petition. Compl. ¶ 19, dkt. 1; dkt. 1-2 at 25.

More than three years later, on August 2, 2024, USCIS issued a Request for Evidence ("RFE"). Dkt. 1-2 at 8-11. The USCIS questioned the authenticity of the documents Mr. Ogunyale submitted as proof he had successfully divorced his former wife in Nigeria, as his supporting documentation did not conform to requirements of Nigerian law. *Id.* at 9. Ultimately, the USCIS requested further evidence to prove that Mr. Ogunyale's prior marriage had been legally terminated. *Id.* On October 23, 2024, Mr. Ogunyale timely responded to the RFE with substantiation of his Nigerian divorce. *Id.* at 13.

On December 6, 2024, USCIS denied Mr. Ogunyale's I-360 VAWA Petition and found him ineligible for immigrant classification under § 201(b) of the INA. Dkt. 1-2 at 21–22. In a written decision, USCIS acknowledged that Mr. Ogunyale had timely responded to the RFE but found that his evidentiary supplement was inauthentic and/or altered and thus insufficient to demonstrate his entitlement to a favorable decision. *Id.* With no I-360 petition pending, USCIS subsequently denied Mr. Ogunyale's I-485 Application for Adjustment of Status. Dkt. 1-2 at 25.[4]

## III. Procedural History

[3] A *prima facie* determination simply means the petitioner has submitted evidence to support their eligibility. It is not an approval of the petition, nor does it relieve the petitioner of their burden to submit additional evidence upon request by USCIS. *See* 8 C.F.R. § 204.2(e)(6).

[4] There is no indication from Plaintiff's Complaint nor from Defendants' motion whether Plaintiff appealed USCIS's decision. In the absence of any such showing, we regard the agency's decision as final for purposes of this motion. *Smith v. Garland*, 103 F.4th 1244, 1252 (finding that a denial of an I-360 petition is a final agency action under the APA) (citing 5 U.S.C. §§ 702, 704)).

On October 15, 2025, Mr. Ogunyale filed this lawsuit, alleging that the denial of his I-360 self-petition was arbitrary and capricious under the APA and seeking a court order vacating the denial of his I-360 petition and compelling USCIS to reopen and re-adjudicate his I-360 and I-485 petitions. Dkt. 1. On January 21, 2026, Defendants moved to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Dkt. 10. Mr. Ogunyale filed no response, and the deadline to do so has long since passed. Thus, Defendants' motion to dismiss is ripe for ruling.

**LEGAL STANDARD**

A 12(b)(1) motion to dismiss for lack of subject matter jurisdiction challenges the very authority of the court to hear the case. In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court "accept[s] as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 587 (7th Cir. 2014). The burden is on the plaintiff to demonstrate the existence of subject matter jurisdiction. *Id.* at 588–89. When asserting federal question jurisdiction, the plaintiff must state a nonfrivolous claim for relief arising under federal law. *Baker v. Carr*, 369 U.S. 186, 199 (1962). A court may look beyond the complaint "and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017) (quoting *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009)).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). Plausibility exists when a court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The deciding court "must accept as true all of the factual allegations contained in the complaint." *Id.* The defendant bears the burden of proof, and dismissal will not be proper solely because the plaintiff failed to oppose the motion. *Marcure v. Lynn*, 992 F.3d 625, 631–33 (7th Cir. 2021).

**DISCUSSION**

In moving to dismiss the Complaint, Defendants contend that: (1) this court lacks subject matter jurisdiction to review the sufficiency of the evidence that Mr. Ogunyale submitted in support of his VAWA self-petition, and (2) Mr. Ogunyale has failed to plausibly allege an APA claim. Because we must begin by addressing any doubt as to jurisdiction before proceeding to a determination of the merits, we turn first to the issue of jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–102 (1998).

**I. Jurisdiction**

Mr. Ogunyale avers that this court has federal question jurisdiction over the denial of his visa petition under the APA, which provides, in relevant part, that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Stated differently, a plaintiff may bring a claim under the APA if subjected to adverse final agency action and there is no other adequate remedy. 5 U.S.C. § 702. *See also Heckler v. Chaney*, 470 U.S. 821, 828 (1985).

The APA is not an independent basis for subject matter jurisdiction, however, nor does it overcome jurisdictional bars set forth in other statutes. *Nobles v. Mullin*, 17 F.4th 886, 891 (7th Cir. 2026) ("Our power to review plaintiffs' claims turns on whether plaintiffs seek to challenge

the Secretary's unreviewable, discretionary decision-making as exercised by USCIS. If so, we lack jurisdiction."). There is no judicial review under the APA when Congress expressly commits the matter to agency discretion. 5 U.S.C. § 701(a) ("This chapter applies . . . except to the extent that . . . agency action is committed to agency discretion by law."). That is, where a statute delegates resolution of an issue to agency discretion, this court has no jurisdiction.

In the immigration context, Congress has delegated much of its authority to the Attorney General, and now to the USCIS. *See, generally*, 8 U.S.C. § 1252(a)(2). *See also Dijamco v. Wolf*, 962 F.3d 999, 1003 (7th Cir. 2020) ("[T]he APA's general provision authorizing judicial review of final agency actions must yield to . . . immigration-specific limitations."). Specifically, the INA strips courts of jurisdiction to review agency decisions that the INA has left up to agency discretion. The jurisdiction-stripping provision reads in relevant part:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . , and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—(ii) any other decision or action of the [USCIS] . . . the authority for which is specified under this subchapter to be in the discretion of the [USCIS] . . . .

8 U.S.C. § 1252(a)(2)(B). The Supreme Court in *Kucana v. Holder* interpreted this provision narrowly, finding that judicial review is barred "only when Congress itself set out the Attorney General's discretionary authority in the statute." 558 U.S. 233, 247 (2010).

For VAWA self-petitions filed pursuant to 8 U.S.C. § 1154(a)(1)(A)(iii), the agency has "sole discretion" to consider and weigh the evidence presented in the petition. 8 U.S.C. § 1154(a)(1)(J). However, the ultimate approval or denial of a petition is not discretionary. The Seventh Circuit has reached this conclusion based on the court's statutory interpretation of 8 U.S.C. § 1154(b)'s language that USCIS "*shall* . . . approve the petition" if all the statutory

requirements for approval are met.[5] *Ogbolumani v. Napolitano*, 557 F.3d 729, 733 (7th Cir. 2009) (emphasis added) (finding that if petitioner meets all of the statutory requirements, USCIS has no discretion to deny the petition).

Defendants contend that the crux of Mr. Ogunyale's Complaint is not the denial of his I-360 petition, but USCIS's credibility determinations regarding the documents he submitted. Dkt. 11 at 6.[6] Binding legal authority compels our conclusion that we have no authority to review USCIS's credibility determinations. USCIS has no discretion to deny a petition if all the statutory requirements are met, but that assumes "that the facts stated in the petition are true." 8 U.S.C. § 1154(b). Here, USCIS did not rule that the facts included in Mr. Ogunyale's petition were true; to the contrary, USCIS found the documents submitted in support of Mr. Ogunyale's divorce to be inauthentic. Dkt. 1-2 at 22.

Our conclusion is buttressed by Mr. Ogunyale's own averments. Mr. Ogunyale's allegations that USCIS "engaged in clear mistakes" by "ignoring the proof of his divorce" directly implicate the very credibility determinations that this court is barred from reviewing. Compl. ¶ 32, dkt. 1. A claim that the agency failed to consider evidence is, after all, a challenge as to how the agency weighed the evidence. *Smith v. Garland*, 103 F.4th 1244, 1253 (7th Cir. 2024). Since USCIS's decision to deny Mr. Ogunyale's I-360 petition hinged upon credibility

---

[5] The statutory interpretation of 8 U.S.C. § 1154(b) is laid out more fully in our sister district court's opinion in *Ogbolumani v. U.S. Citizenship & Immigration Services*, No. 06 C 6009, 2008 WL 961587 (N.D. Ill. Apr. 8, 2008). The Seventh Circuit later affirmed this interpretation upon appeal. *Ogbolumani v. Napolitano*, 557 F.3d 729, 733 (7th Cir. 2009).

[6] Defendants rely entirely on nonbinding or unpublished opinions to develop their legal arguments. Our own research has revealed an abundance of binding caselaw. Given the existence of on-point precedent, we do not refer to the cases relied upon by Defendants.

determinations, it was a discretionary decision barred from judicial review under 8 U.S.C. § 1252(a)(2)(B)(ii).[7]

In his Complaint, Mr. Ogunyale relies primarily on the reasoning of *Mejia Rodriguez v. U.S. Department of Homeland Security* to support his allegation of federal jurisdiction.[8] Compl. ¶ 29, dkt. 1. In *Mejia Rodriguez*, the Eleventh Circuit held that the determination of whether a Temporary Protected Status applicant meets eligibility requirements is statutory and therefore nondiscretionary. 562 F. 3d 1137, 1143 (11th Cir. 2009). Mr. Ogunyale cites this authority for the general proposition that the eligibility decisions USCIS makes in deciding whether to grant or deny a petition are not barred from judicial review.

*Mejia Rodriguez* does not help Mr. Ogunyale overcome §1252(a)(2)(B)(ii)'s jurisdictional bar. The analysis courts must apply in determining whether a decision falls under the INA's jurisdiction-stripping provision is statute specific. *Ogbolumani*, 577 F.3d at 733 ("The key to this jurisdictional bar is the statutory language that governs the decision being challenged."). The agency decision in *Mejia Rodriguez* involved statutory eligibility requirements governed by 8 U.S.C. § 1254a(c), which required USCIS to "simply apply the facts of the applicant's situation to the relevant law." *Id.* at 1143. There was no room in the statute for USCIS to apply its own discretion. *Id.* In the case at bar, by contrast, the decision challenged is USCIS's determination that Mr. Ogunyale was ineligible because he did not submit sufficient, credible evidence of his

---

[7] Because we conclude that we have no jurisdiction to review USCIS's evidentiary determinations, we do not discuss the additional authorities cited by Mr. Ogunyale as support for his claims under the APA.

[8] Although Mr. Ogunyale did not respond to Defendants' Motion to Dismiss, our review of the cases cited in Mr. Ogunyale's Complaint did not reveal further applicable binding authority on the issue of jurisdiction. Mr. Ogunyale's Complaint relies primarily upon out-of-circuit caselaw to support his claim under the APA. Since these cases have no bearing on this court's jurisdictional analysis, we do not discuss them further.

Nigerian divorce. The decision of whether the submitted evidence is sufficient to establish statutory eligibility is not the type of decision which would require USCIS to simply apply the facts to the law as in *Mejia Rodriguez*. Instead, this decision has been expressly left to USCIS's discretion by 8 U.S.C. § 1154(a)(1)(J), which states "[t]he determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of [USCIS]." Because Congress has vested credibility decisions to the sole discretion of USCIS by statute, it is precisely the type of discretionary decision the Court is barred from reviewing.

We hold that Mr. Ogunyale has failed to demonstrate that we have jurisdiction to review USCIS's credibility determinations. Because we are statutorily barred from reviewing an agency's discretionary decisions, this matter must and therefore shall be dismissed for lack of subject matter jurisdiction.

Further, because dismissal is appropriate on jurisdictional grounds, we need not address whether Mr. Ogunyale adequately stated a claim under the APA.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is hereby **GRANTED**. Dkt. 10 This matter shall be **DISMISSED without prejudice** for lack of subject matter jurisdiction. Final judgment shall issue accordingly.

IT IS SO ORDERED.

Date: 9/8/2026

Sarah Evans Barker

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Herbert Glenn Fogle, Jr
The Fogle Law Firm, LLC
glenn@foglelaw.com

Brian Scott Green
Law Office of Brian Green
briangreen@greenusimmigration.com

Jeffrey D. Preston
DOJ-USAO
jeffrey.preston@usdoj.gov